IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| JASON SMITH and ROSE SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 4:13-cv-01063-RBP |
| | ) | |
| STANDARD GUARANTY | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This cause comes on to be heard on defendant Standard Guaranty Insurance Company's motion for summary judgment. (Doc. 15). This court ordered plaintiffs Jason and Rose Smith to file a response to the motion for summary judgment by June 30, 2014, (Doc. 16). The Smiths, however, failed to respond. The court finds that the motion for summary judgment is due to be **GRANTED**.

### LEGAL STANDARD

When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to

1

prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–23. Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). To meet this burden, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e) ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").

## UNDISPUTED FACTS

On April 28, 2011, the Smiths filed a claim for wind damage to their insured mobile home. Standard Guaranty investigated the claim and paid the Smiths $6,458.21 on May 12, 2011. After this initial payment, the Smiths submitted damage estimates in excess of $24,000 prepared by their personal contractor. In July 2011, Standard Guaranty re-evaluated the damages and made an additional payment to the Smiths of $5,806.17. The Smiths, however, still disputed that these payments fully compensated them for covered damages. In response, Standard Guaranty re-inspected the mobile home. After this inspection, Standard Guaranty made a third and final payment of $6,458.21 to the Smiths on December 13, 2011. Standard Guaranty refused, however, to pay for a metal roof on the mobile home because the policy limited coverage to restoring the mobile home to pre-loss condition. In April 2013, the Smiths filed this suit in the Circuit Court for DeKalb County, Alabama. The complaint alleges breach

of contract, fraudulent misrepresentation, bad faith refusal to pay; and infliction of emotional distress. On June 3, 2013, Standard Guaranty removed the action to this court on the basis of diversity jurisdiction.

## DISCUSSION

In the present case, Standard Guaranty has demonstrated that the Smiths cannot establish the necessary elements of their claims. First, the Smiths have not produced any evidence demonstrating a breach of the insurance contract. To recover on this claim, the Smiths "must prove: (1) the existence of a valid contract binding the parties in the action, (2) [their] own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Cong. Life Ins. Co. v. Barstow*, 799 So. 2d 931, 937 (Ala. 2001) (quotation marks and citation omitted). The Smiths have presented no evidence that Standard Guaranty did not perform under the contract. Rather, the evidence indicates that Standard Guaranty made three payments to the Smiths in satisfaction of its obligations under the insurance policy. Moreover, because a breach of contract is a necessary element to a cause of action for bad-faith, the Smiths cannot recover on their bad-faith claim. *See Cong. Life Ins. Co. v. Barstow*, 799 So. 2d 931, 936-37 (Ala. 2001) ("[C]ontractual liability is a prerequisite for liability for bad faith. "). Finally, the Smiths have failed to submit any evidence indicating that Standard Guaranty or its agent "fraudulently, misrepresented, non-disclosed, and deceptively sold an insurance policy to [them]" or that Standard Guaranty caused the Smiths emotional distress. (Doc. 1-1, ¶¶ 13-14, 21). The evidence simply does not indicate, even remotely, that Standard Guaranty made a false representation to the Smiths.[1] Similarly, the evidence does not suggest that Standard Guaranty,

---

[1] "The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Exxon Mobil Corp. v. Alabama Dep't of Conservation & Natural Res.*, 986 So. 2d 1093, 1114 (Ala. 2007) (quotations marks and citations omitted) (emphasis removed).

3

intentionally or otherwise, inflicted emotional distress on the Smiths.[2] The evidence indicates that Standard Guaranty investigated the claim on multiple occasions, made multiple payments to cover the Smiths' damages and disputed the alleged additional damages in good faith. Consequently, Standard Guaranty has demonstrated that there is no dispute of material fact and that it is entitled to judgment as a matter of law.

## CONCLUSION

Beyond the bare complaint, the Smiths have offered no evidence to demonstrate the elements of their claims or the existence of a dispute of material fact. Consequently, they have not met their burden to avoid summary judgment, *see Celotex*, 477 U.S. at 324, and Standard Guaranty's motion for summary judgment will be **GRANTED**.

**DONE** the 22nd day of July 2014.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] To recover for intentional infliction of emotional distress, the Smiths must show "conduct [that] (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Harrelson v. R.J.*, 882 So. 2d 317, 322 (Ala. 2003) (quotation marks and citation omitted).